UNITED STATES DISTRICT COURT
MIDDLE DISTRCT OF FLORIDA
ORLANDO DIVISION

MICHAEL VARVARO,               CASE NO.: 6:21-cv-00329-PGB-LRH

    Plaintiff,

v.

UNIVERSITY OF CENTRAL
FLORIDA BOARD OF TRUSTEES,

    Defendant.

_____/

## DEFENDANT'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES

Defendant, UNIVERSITY OF CENTRAL FLORIDA BOARD OF TRUSTEES ("UCF") by and through its undersigned attorney, and pursuant to Rules 8 and 15(a)(1)(A), Fed.R.Civ.P., hereby files this its Amended Answer and Affirmative Defenses and states:

## GENERAL ALLEGATIONS

1.    Admitted that the Complaint purports to state claims under the Americans With Disabilities Act ("ADA") and the Florida Civil Rights Act ("FCRA"); denied that the Complaint contains a claim under Florida Statutes § 440.205.

2.    Admitted for jurisdictional purposes only.

3.     Admitted that Plaintiff was employed as a medical resident in UCF's medical education program in Family Medicine, and that North Florida Regional Medical Center acts as a participating site for residency training.

4.     Admitted.

5.     Admitted.

6.     Denied

7.     Without knowledge, therefore denied.

8.     Without knowledge, therefore denied.

9.     Admitted that relief is sought, but denied that Plaintiff is entitled to any relief.

10.    Denied.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

11.    Denied.

12.    Without knowledge, therefore denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    Denied.

17.    Denied.

18.    Denied.

19.     Denied.

20.     Without knowledge, therefore denied.

21.     Denied.

22.     Without knowledge, therefore denied.

23.     Denied.

24.     Admitted.

25.     Without knowledge, therefore denied.

26.     Without knowledge, therefore denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Admitted that Plaintiff failed his cardiology rotation, otherwise denied.

31.     Admitted.

32.     Without knowledge, therefore denied.

33.     Without knowledge, therefore denied.

34.     Without knowledge, therefore denied.

35.     Without knowledge, therefore denied.

36.     Without knowledge, therefore denied.

37.     Without knowledge, therefore denied.

38.     Denied.

39.   Denied

40.   Denied.

41.   Denied.

## COUNT I
### *Disability Discrimination in Violation of the FCRA*

42.   Defendant realleges and adopts paragraphs 1-41 above, as though fully

set forth herein.

43.   Denied.

44.   Denied.

45.   Denied.

46.   Denied.

47.   Denied.

48.   Denied.

49.   Denied.

WHERFORE, Defendant respectfully requests that this Court enter judgment

in favor of Defendant, award it costs, including its reasonable attorney's fees, and

provide such other and further relief as it deems just and proper.

## COUNT II
### *Disability Discrimination in Violation of the ADA*

50.   Defendant realleges and adopts paragraphs 1-41 above, as though fully

set forth herein.

51.   Denied.

52.   Denied.

53.   Denied.

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.   Denied.

59.   Denied

60.   Denied.

## COUNT III
### *Retaliation in Violation of the FCRA*

61.   Defendant realleges and adopts paragraphs 1-41 above, as though fully set forth herein.

62.   Denied.

63.   Denied.

64.   Denied.

65.   Denied.

66.   Denied.

67.   Denied.

68.   Denied.

WHERFORE, Defendant respectfully requests that this Court enter judgment in favor of Defendant, award it costs, including its reasonable attorney's fees, and provide such other and further relief as it deems just and proper.

## COUNT IV
### *Retaliation in Violation of the ADA*

69.    Defendant realleges and adopts paragraphs 1-41 above, as though fully set forth herein.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

WHERFORE, Defendant respectfully requests that this Court enter judgment in favor of Defendant, award it costs, including its reasonable attorney's fees, and provide such other and further relief as it deems just and proper.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails, in whole or in part, to state a claim or cause of action for disability discrimination under the ADA.

2.      Plaintiff's Complaint fails, in whole or in part, to state a claim or cause of action for disability discrimination under the FCRA.

3.      Plaintiff's Complaint fails, in whole or in part, to state a claim or cause of action for retaliation under the ADA.

4.      Plaintiff's Complaint fails, in whole or in part, to state a claim or cause of action for retaliation under the FCRA.

5.      Plaintiff's Complaint fails, in whole or part, to state a claim for compensatory damages under the ADA.

6.      Plaintiff's Complaint fails, in whole or part, to state a claim for compensatory damages under the FCRA.

7.      Plaintiff's Complaint fails, in whole or part, to state a claim for punitive damages under the ADA.

8.      All decisions regarding Plaintiff's discipline and discharge were made for legitimate, non-discriminatory, non-retaliatory reasons completely unrelated to any protected status of Plaintiff.

9.      Plaintiff's claims are barred on the grounds that Plaintiff failed to adequately disclose that he was a person with a disability, with a record of disability, or that he was regarded as disabled, within the meaning of the ADA and/or the FCRA.

10.    Plaintiff's claims are barred on the grounds that Plaintiff is not an otherwise qualified individual within the meaning of the ADA and/or the FCRA.

11.    Plaintiff's claims are barred on the grounds that Plaintiff has failed to mitigate his damages, if any.

12.    Plaintiff's claims are barred for Plaintiff's failure to fully exhaust his administrative remedies under the ADA and/or the FCRA.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of February, 2021, this Amended Answer and Affirmative Defenses was electronically filed with the Clerk of the Court utilizing the CM/ECF system and that a true and correct copy of the same was electronically transmitted to Counsel for Plaintiff, Rainier Regueiro, Esquire, Remer & Georges-Pierre, PLL, COURTHOUSE TOWER, 44 West Flagler Street, Suite 2200, Miami, Florida 33130.

RONALD L. HARROP, ESQUIRE
Florida Bar Number: 260584
rharrop@oconlaw.com
O'CONNOR & O'CONNOR, LLC
800 North Magnolia Avenue, Ste 1350
Orlando, FL  32803
(407) 843-2100
(407) 843-2061 Facsimile
*Attorneys for Defendant University of
Central Florida Board of Trustees*